IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **PHILIP WEGGEMAN** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:06cv1256** |
| | § | |
| **ASHBRITT, INC.** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

THE MATTER BEFORE THE COURT is Defendant AshBritt, Inc.'s Motion to Dismiss [5] for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). AshBritt, Inc. entered into a debris removal contract with the U.S. Army Corps of Engineers after Hurricane Katrina. Pursuant to the contract Plaintiff's home was removed from the public right of way. After due consideration of the submissions, pleadings and the relevant law, it is the Court's opinion that Plaintiff's tort claims are barred because AshBritt's actions are shielded from suit by derivative governmental immunity. The Motion to Dismiss will therefore be granted.

DISCUSSION

Plaintiff initiated this lawsuit in the Circuit Court of Hancock County, Mississippi, and Defendant removed it to this Court based upon diversity of the parties, 28 U.S.C. § 1332. Plaintiff complains about AshBritt's clean-up operations after Hurricane Katrina, and in particular, AshBritt's demolition of Plaintiff's house in Bay Saint Louis, Mississippi without Plaintiff's written permission. Plaintiff complains that he was given no notice that the house would be demolished, and therefore had no opportunity to remove "priceless artifacts" from the house. Plaintiff claims that Ashbitt committed acts of conversion for which he seeks $400,000 in compensation and $100,000 in punitive damages.

AshBritt performed demolition and debris removal work in Bay Saint Louis, Mississippi,

pursuant to its contract with the U.S. Army Corps of Engineers. AshBritt was required by the contract to remove any disaster-generated construction and demolition debris on public property. Attachment 1 to Def. Mtn. to Dism., pg. 2. Hurricane force winds and storm surge moved Plaintiff's house off of its foundation where it ultimately "came to rest on the public right of way on Arkansas Street, Bay St. Louis." *Id.*, pg. 3.

AshBritt contends that the Court lacks subject matter jurisdiction of Plaintiff's tort claims because as a contractor of the U.S. Army Corps of Engineers, AshBritt enjoys derivative governmental immunity from suit. Plaintiff argues that even as a government contractor, AshBritt does not have immunity for actions which were discretionary in nature and not based on public policy. Plaintiff contends that the house "was not blocking ingress or egress and on (sic) that could have been moved very easily. These acts were not for the public good and therefore the Defendant is not entitled to governmental immunity acting as a governmental contractor." Pl. Memo. pg. 3.

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Ramming v. U.S.,* 281 F.3d 158, 161 (5th Cir. 2001), citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981). For purposes of AshBritt's Motion there appear to be no matters of fact in dispute. However, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Id.,* citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998).

Ashbitt does not identify the source of its derivative governmental immunity, however the Federal Tort Claims Act provides the sole basis of recovery for a tort claim against the United

States.  *In re Supreme Beef Processors, Inc.,* 468 F.3d 248, 252, n. 4 (5th Cir. 2006).  The FTCA is subject to strict limitations, one of which is the discretionary function exception codified at 28 U.S.C. § 2680(a).[1]  Thus, claims based upon "a discretionary function or duty" of a federal agency cannot be brought against the United States.  *Supreme Beef* at 252.  Courts are to apply a two-prong test in determining whether challenged conduct is the result of a discretionary function or duty.  *Berkovitz by Berkovitz v. U.S.*, 486 U.S. 531, 536 (1988).   First, whether the nature of the challenged governmental conduct involves an element of judgment or choice test.  Second, whether the judgment or choice exercised, if any, was grounded in social, economic, and political policy of the sort that Congress sought to shield or protect from second–guessing.  *Id.* at 536-37.

In a factually similar case which this Court finds instructive, the court in *Sunrise Village Mobile Home Park v. Phillips & Jordan, Inc.*, 960 F. Supp. 283 (S.D. Fla. 1996) dismissed a claim under the FTCA for damage to the plaintiffs' property in removing debris following a hurricane.  The court found that it lacked subject matter jurisdiction because the alleged governmental negligence in monitoring and supervising its contractor was within the FTCA's discretionary function exception to its waiver of sovereign immunity under 28 U.S.C.A. § 2680(a).  As to the first prong of the test for determining whether a particular function is

---

[1] 28 U.S.C. § 2680, entitled Exceptions, provides that the FTCA waiver of immunity does not apply to

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C.A. § 2680(a).

discretionary—whether the nature of the challenged governmental conduct involves an element of judgment or choice—the court, commenting that the relevant inquiry focused on the existence of a controlling statute or regulation that mandated performance of a function in a specific manner, observed that in the aftermath of a disaster such as the hurricane in the instant case, federal agencies, at the direction of the President, were explicitly authorized by the Disaster Relief and Emergency Assistance Act, 42 U.S.C.A. § 5173, to remove debris.  The agencies alleged to be at fault, the Federal Emergency Management Agency and the Army Corps of Engineers, acted within such authority when contracting for debris removal, the court said, authority that clearly left room for agency judgment on which property should be cleared, whether to include private property in the cleanup, and so forth.  *Sunrise Village*, 960 F.Supp. at 286.  As to the second prong of the discretionary function test—the judgment or choice exercised, if any, must be grounded in social, economic, and political policy of the sort that Congress sought to shield or protect from "second–guessing"—the court said that the government's decisions on when, where, and how to remove debris after a major disaster were exactly the sort of policy–imbued decisions falling within the second prong of the test.  *Id*.

      Thus, if Plaintiff's claims in this case had been brought directly against the U.S. Army Corps of Engineers, Plaintiff would be unable to show a waiver of immunity.  Ashbitt, as a contractor carrying out the work of the U.S. Army Corps of Engineers, is entitled to this same immunity from suit.  "It has [ ] become well established that, at least with respect to public works projects, when contractors as agents or officers of the federal government or of individual states work according to government specifications, they are entitled to assert the government's sovereign immunity in suits arising from such activities."  *Bynum v. FMC Corp.*, 770 F.2d 556,

564 (5th Cir. 1985) (citations omitted).  Contractors that fail to follow government specifications or otherwise mismanufacture a product are not entitled to raise the defense.  *Id.*

AshBitt presents undisputed evidence that the U.S. Army Corps of Engineers directed AshBitt to clear and remove all disaster related construction and demolition debris from all public property in Hancock County.  (Attachment 1 to Def. Mtn. to Dism.).  Plaintiff concedes that after the storm, his house was at least partially on Arkansas Street in Bay Saint Louis – public property in Hancock County, Mississippi.  Ashbitt was therefore performing work within the specifications provided by the government when it removed the house from Arkansas Street.  These undisputed facts will prevent Plaintiff from showing that AshBitt is not entitled to derivative immunity as a government contractor.  The Court therefore finds that it lacks subject matter jurisdiction of Plaintiff's claims, and AshBritt's Motion to Dismiss will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant AshBritt, Inc.'s Motion to Dismiss [5] for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) is **GRANTED**.  Plaintiff's claims are dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 6th day of July, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE